(March 17, 1994)

■ BANK LEUMI TRUST COMPANY OF NEW YORK, Appellant, v SAMALOT/EDGE ASSOCIATES et al., Respondents, et al., Defendants. [609 NYS2d 189] —Order, Supreme Court, Bronx County (Hansel L. McGee, J.), entered July 27, 1993, which, to the extent appealed from, denied plaintiff's motion for summary judgment against defendants Samalot/Edge Associates, Samalot Real Estate, Inc., and West Hills Development Corp., unanimously reversed, on the law, plaintiff's motion granted and the matter remanded for appointment of a Referee pursuant to RPAPL 1321 to compute the amount due to plaintiff for principal and interest, with costs.

Plaintiff seeks to foreclose a matured $1,000,000 blanket first mortgage, dated January 10, 1989, made by Samalot/Edge Associates, of which Samalot Real Estate and West Hills Development are general partners, to High Grade Property, Inc. The encumbered premises are four two-family houses on Zerega Avenue in the Bronx. High Grade is a corporate borrower of Bank Leumi and on February 21, 1989, it pledged and assigned the note and mortgage as collateral for any past or future loans made to it. Thereafter, on May 23, 1989 and January 7, 1991, Bank Leumi loaned High Grade $1,000,000 and $500,000, respectively. The bank acquired the mortgage

and note on January 31, 1992 as the sole bidder at a public auction following High Grade's default on the two loans.

In their answer, defendants admit execution of the mortgage and note and that Bank Leumi is the lawful holder thereof, but raise three affirmative defenses and counterclaims in which they assert, *inter alia,* that High Grade was merely a shell corporation which was acting only as an agent for Samalot and a conduit for the loan of money by the bank to Samalot; that the bank had breached its agreement with Samalot as to the rate of interest to be charged on its loans; that it improperly held $500,000 in additional collateral in the form of certificates of deposit; that it breached its commitment to release individual homes from the lien of its mortgage upon payment of the sum fixed for each home and due at the closing of the sale; and that it tortiously interfered with Samalot's business by discouraging local real estate brokers from attempting to sell Samalot's homes.

The IAS Court denied the bank's motion for summary judgment as premature inasmuch as pretrial discovery has yet to be conducted. However, given defendants' admissions in their answer and the documentary evidence in support of plaintiff's motion, defendants' conclusory allegations, that the family of Robert Jacobs, an officer and controlling shareholder of High Grade whose son Elliot is the president and sole shareholder of West Hills, is inextricably intertwined with all of the transactions in issue, are insufficient to defeat plaintiff's motion for summary judgment. Whatever claims High Grade, a non-party to this action, might have regarding the terms of its loans from the bank, they have nothing to do with Samalot's default under the mortgage and afford no defense to this foreclosure action. There is simply no basis for finding that High Grade was an agent for Samalot or that the loans were, in essence, loans from the bank directly to Samalot. Moreover, to accept defendants' claims of oral misrepresentations by the bank regarding its loans to High Grade which are at variance with the terms of the written loan agreements would run afoul of the parol evidence rule. In this regard, defendants' reliance upon *Nassau Trust Co. v Montrose Concrete Prods. Corp.* (56 NY2d 175) is misplaced inasmuch as the present case is distinguishable on its facts.

Finally, as to defendants' third affirmative defense and counterclaim, alleging tortious interference with prospective contractual relations, their conclusory allegations of tortious conduct, when coupled with the absence of any evidence of malicious conduct by the bank, are clearly insufficient to

establish the requisite elements of such cause of action *(see, Gertler v Goodgold,* 107 AD2d 481, 490, *affd* 66 NY2d 946 *for reasons stated below).* Concur—Murphy, P. J., Ellerin, Kupferman and Rubin, JJ.