■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KADISH CORLEY, Appellant. [647 NYS2d 467] —Judgment, Supreme Court, New York County (James Leff, J.), rendered on or about April 21, 1993, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (See, Anders v California, 386 US 738; People v Saunders, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Sullivan, J. P., Rosenberger, Kupferman, Tom and Mazzarelli, JJ.

■ CITIBANK, N. A., Respondent, v SOUTO GEFFEN COMPANY et al., Appellants, et al., Defendants. [647 NYS2d 467] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered January 6, 1994, which, inter alia, granted plaintiff's motion for summary judgment foreclosure and dismissed defendants' counterclaims, unanimously affirmed, with costs.

Plaintiff established a prima facie case by showing the existence of the note and defendants' default in payment (see, Greater N. Y. Sav. Bank v 2120 Realty, 202 AD2d 248). Defendants do not deny that they have not made payments of interest or principal, and their unsupported conclusory allegations of tortious and/or fraudulent conduct by the bank are insufficient to demonstrate a question of fact sufficient to defeat plaintiff's right to recovery (see, Bank Leumi Trust Co. v Samalot/Edge Assocs., 202 AD2d 282).

We have considered defendants' other arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Kupferman, Tom and Mazzarelli, JJ.